IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL STEPHON PARKER,** )  | Civil Action No. 7:11-cv-00412 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **MAJOR LAURIE NICHOLSON, et al.,** ) | By:   Hon. Michael F. Urbanski |
| Defendants. ) | United States District Judge |

Michael Stephon Parker, a Virginia inmate proceeding pro se, filed a motion for a temporary restraining order ("TRO") with his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Middle River Regional Jail ("Jail") violates the Equal Protection Clause of the Fourteenth Amendment because it treats Muslims less favorably than Christians by providing disparate religious service opportunities and facilities.

The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). Pursuant to Federal Rule of Civil Procedure 65(b), the court may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required. Id. Moreover, the movant must establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction

is in the public interest.  <u>Winter v. Nat'l Res. Defense Council, Inc.</u>, 129 S. Ct. 365, 374-76 (2008).

      Plaintiff is not entitled to a TRO as he has not demonstrated any immediate irreparable harm that he would sustain before the defendants can be heard.  An Order allowing the filing of this case will be entered forthwith, and the issues raised in this case will be dealt with in due course.  Given the absence of any irreparable harm, such issues are better sorted out once defendants respond.  Because plaintiff failed to establish the requirements for a TRO, the court **DENIES** his request.

      It is so **ORDERED**.

      The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  September 6, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge